UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOCELYN VASQUEZ, EDWARD VASQUEZ and
DONNA SPARKS,

                           Plaintiffs,          COMPLAINT

         -against-                       JURY TRIAL DEMANDED

THE CITY OF NEW YORK, P.O.M. ESTABEN
ABREU, Shield No. 17247, DET. MOIS MARTINEZ,    **13 CV 4595**
SGT. BRIAN DONOGHUE and P.O. JEREMY VEIF,

                         Defendants.         **JUDGE SULLIVAN**
------------------------------------------------------------------x

       The Plaintiffs, by their attorneys Yalkut & Israel, complaining of the defendants, respectfully allege the following:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, fees pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their Civil Rights and the Constitutions of New York and the Unites States;

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution;

## VENUE

3. Venue is properly laid in the Southern District of New York 28 U.S.C. 1391(b) in that this is the district where the claim arose;

## JURY DEMAND

4. Plaintiff demands a jury trial of all issues in this matter pursuant to Rules of Civil

Procedure, P. 38(b);

## PARTIES

5. That at all times herein mentioned, the defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a Municipal Corporation duly organized and existing pursuant to the laws of the State of New York;

6. A notice of claim was served upon the defendant "CITY" and the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "POLICE") within ninety (90) days of the occurrence and/or accrual of the cause of action;

7. More than thirty (30) days have elapsed since presentation of said claim and the defendant "CITY" and "POLICE" have failed to adjust and/or dispose of te claim presented therein;

8. This action is commenced within three (3) years of the date of the incident or the accrual of the cause of action;

9. That at all times herein mentioned the defendant "CITY" owns, manages, operates, maintains and controls the "POLICE";

10. That at all times herein mentioned, the defendant P.O.M. ESTABEN ABREU was employed by the defendant "CITY" and "POLICE" and at all times herein acted within the scope of their authority, with the knowledge and consent of his employers;

11. That at all times herein mentioned, the defendant DET. MOIS MARTINEZ was employed by the defendant "CITY" and "POLICE" and at all times herein acted within the scope of their authority, with the knowledge and consent of his employers;

12. That at all times herein mentioned, the defendant SGT. BRIAN DONOGHUE was employed by the defendant "CITY" and "POLICE" and at all times herein acted within the scope of their authority, with the knowledge and consent of his employers;

13. That at all times herein mentioned, the defendant P.O. JEREMY VEIF was employed by the defendant "CITY" and "POLICE" and at all times herein acted within the scope of their authority, with the knowledge and consent of his employers;

### FIRST COUNT - FALSE IMPRISONMENT ON BEHALF OF JOCELYN VASQUEZ

14. ON June 18, 2011 at approximately 6:45 a.m. of that day this plaintiff was lawfully at or near 2095 Honeywell Avenue, apartment 2E thereof when members of the "POLICE", including the defendants herein, of the defendant "CITY" responded to said premises, breaking the door, physically assaulting this plaintiff;

15. This plaintiff was lawfully at said location;

16. This plaintiff was falsely imprisoned at the scene of occurrence, continuing thereafter in the police van, the 48th precinct and Central Booking;

17. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for her life, and sustained severe and other consequential damages;

18. This plaintiff intends to claim punitive damages for all counts;

19. The criminal action against this plaintiff was disposed of as follows:

    Case dismissed;

20. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## SECOND COUNT - FALSE ARREST ON BEHALF OF JOCELYN VASQUEZ

21. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 20 as though fully set forth herein at length;

22. This plaintiff was, without cause or provocation, falsely arrested;

23. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for her life, and sustained severe and other consequential damages;

24. This plaintiff intends to claim punitive damages for all counts;

25. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## THIRD COUNT - NEGLIGENT TREATMENT ON BEHALF OF JOCELYN VASQUEZ

26. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 25 as though fully set forth herein at length;

27. This plaintiff was negligently treated by various members of the "POLICE" of the defendant "CITY", including the defendants herein;

28. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for her life, and sustained severe and other consequential