during arrest procedures;

  b) arresting innocent persons wrongfully apprehended;

  c) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

61. the existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as evidenced by the following civil rights actions brought against the City of New York:

- **Frank Douglas v City of New York** - United States District Court, Southern District of New York. 03 CV 10313

- **Theodore Richardson v City of New York et al**, United States District Court, Eastern District of New York. 02 CV 3651

- **Phillip Stuart v City of New York**, United States District Court, Southern District of New York. 05 CV 2375

- **Benjamin Taylor v City of New York** United States District Court, Eastern District of New York. 01 CV 5750

- **Angel Vasquez v City of New York,** United States District Court, Eastern District of New York. 05 CV 3552

- **Alvin Williams v City of New York,** United States District Court, Southern District of New York. 05 CV 4013

- **Terrence Burton v City of New York,** United States District Court of New York, 06CV 6884

62. The foregoing policies, usages, practices, procedures and rules of the defendant

"CITY" and "POLICE" constituted a deliberate indifference to the safety, well being, and constitutional rights of this plaintiff;

63. The foregoing policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" were the direct and proximate cause of the constitutional violations suffered by this plaintiff;

64. The foregoing policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" were the moving force behind the constitutional violations suffered by this plaintiff;

65. As a result of the foregoing policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" this plaintiff was incarcerated unlawfully for three days;

66. The defendants, collectively and individually under color of State Law, were directly and actively involved in violating the constitutional rights of this plaintiff;

67. The defendants, collectively and individually under color of State Law acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of this plaintiff's constitutional rights;

68. All of the foregoing acts of the defendants deprived this plaintiff of federally protected rights, including but not limited to:

    a) Not to be deprived of liberty without due process of law;

    b) To be free from seizure and arrest not based on probable causes;

    c) To be free from unwarranted and malicious prosecution;

    d) Not to have cruel and inhuman punishment imposed upon him/her;

    e) To receive equal protection under the law.

## ELEVENTH COUNT - PROPERTY DAMAGE ON

## BEHALF OF JOCELYN VASQUEZ

77. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 76 as though fully set forth herein at length;

78. The defendants during the foregoing occurrences caused extensive damage to the personal property of this plaintiff;

79. As a result of the foregoing, this plaintiff incurred damage in the sum of TEN THOUSAND ($10,000.00) DOLLARS;

## TWELFTH COUNT - LOSS OF SERVICES ON

## BEHALF OF JOCELYN VASQUEZ

80. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 79 as though fully set forth herein at length;

81. That at all times herein mentioned, this plaintiff is the mother and natural guardian of JOSMINA CARABALLO, child under the age of eighteen years;

82. That as a result of the foregoing unwarranted and malicious actions of the defendants, said child of the plaintiff was removed from the home of the plaintiff;

83. The plaintiff was deprived of the love, comfort and presence of her daughter for a considerable period of time;

84. This plaintiff intends to claim punitive damages for all counts;

85. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## THIRTEENTH COUNT - FALSE IMPRISONMENT ON BEHALF OF DONNA SPARKS

86. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 85 as though fully set forth herein at length;

87. On June 18, 2011 at approximately 6:45 a.m. of that day this plaintiff was lawfully at or near 2095 Honeywell Avenue, apartment 2E thereof when members of the "POLICE", including the defendants herein, of the defendant "CITY" responded to said premises, breaking the door, physically assaulting this plaintiff;

88. This plaintiff was lawfully at said location;

89. This plaintiff was falsely imprisoned at the scene of occurrence, continuing thereafter in the police van, the 48th precinct and Central Booking;

90. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for her life, and sustained severe and other consequential damages;

91. This plaintiff intends to claim punitive damages for all counts;

92. The criminal action against this plaintiff was disposed of as follows:

   Case dismissed;

93. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;