York and in excess of the jurisdictional limits of all inferior Courts;

## TWENTY-FIRST COUNT - MUNICIPAL LIABILITY ON BEHALF OF DONNA SPARKS

129. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 128 as though fully set forth herein at length;

130. The defendants caused this plaintiff to be arrested in the absence of any evidence of criminal wrongdoing. Notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiffs liberty, well being, safety and constitutional rights;

131. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent to do so;

132. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials pursuant to the customs, policies, practices, usages, procedures, and rules of the defendant "CITY" and "POLICE", all under the supervision of ranking officers of said department;

133. The aforementioned customs, policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" include, but are not limited to the following unconstitutional practices:

    a)    fabricating evidence against innocent persons erroneously arrested during arrest procedures;

    b)    arresting innocent persons wrongfully apprehended

    c)    arresting innocent persons notwithstanding the existence of

credible evidence which exonerates the accused of any criminal wrongdoing;

134. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as evidenced by the following civil rights actions brought against the City of New York:

- **Frank Douglas v City of New York** - United States District Court, Southern District of New York. 03 CV 10313

- **Theodore Richardson v City of New York et al**, United States District Court, Eastern District of New York. 02 CV 3651

- **Phillip Stuart v City of New York**, United States District Court, Southern District of New York. 05 CV 2375

- **Benjamin Taylor v City of New York** United States District Court, Eastern District of New York. 01 CV 5750

- **Angel Vasquez v City of New York,** United States District Court, Eastern District of New York. 05 CV 3552

- **Alvin Williams v City of New York,** United States District Court, Southern District of New York. 05 CV 4013

- **Terrence Burton v City of New York,** United States District Court of New York, 06CV 6884

135. The foregoing policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" constituted a deliberate indifference to the safety, well being, and constitutional rights of this plaintiff;

136. The foregoing policies, usages, practices, procedures and rules of the defendant

"CITY" and "POLICE" were the direct and proximate cause of the constitutional violations suffered by this plaintiff;

137. The foregoing policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" were the moving force behind the constitutional violations suffered by this plaintiff;

138. As a result of the foregoing policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" this plaintiff was incarcerated unlawfully for three days;

139. The defendants, collectively and individually under color of State Law, were directly and actively involved in violating the constitutional rights of this plaintiff;

140. The defendants, collectively and individually under color of State Law acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of this plaintiff's constitutional rights;

141. All of the foregoing acts of the defendants deprived this plaintiff of federally protected rights, including but not limited to:

    a) Not to be deprived of liberty without due process of law;

    b) To be free from seizure and arrest not based on probable causes;

    c) To be free from unwarranted and malicious prosecution;

    d) Not to have cruel and inhuman punishment imposed upon him/her;

    e) To receive equal protection under the law.

142. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for her life, and sustained severe and other consequential damages;

143. This plaintiff intends to claim punitive damages for all counts;

144. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## TWENTY-SECOND COUNT - MALICIOUS PROSECUTION ON BEHALF OF DONNA SPARKS

145. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 144 as though fully set forth herein at length;

146. As a result of the foregoing the defendants maliciously prosecuted this plaintiff as they actually knew or upon proper investigation should have known there was no grounds for criminal prosecution;

147. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for her life, and sustained severe and other consequential damages;

148. This plaintiff intends to claim punitive damages for all counts;

149. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## TWENTY-THIRD COUNT - FALSE IMPRISONMENT ON BEHALF OF EDWARD JOEDD VASQUEZ

150. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 149 as though fully set forth herein at length;