187. This plaintiff intends to claim punitive damages for all counts;

188. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## THIRTIETH COUNT - BATTERY ON BEHALF OF EDWARD JOEDD SPARKS

189. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 188 as though fully set forth herein at length;

190. This plaintiff, without cause, provocation or justification, wat brutally battered by the police officers at the scene, including but not limited to the defendants;

191. As a result of the foregoing, this plaintiff suffered physical injuries, severe emotional trauma, feared for his life, and sustained severe and other consequential damages;

192. This plaintiff intends to claim punitive damages for all counts;

193. As a result of the foregoing, this plaintiff has been damaged in a sum within the jurisdictional limits of the United States District Court, Southern District of New York and in excess of the jurisdictional limits of all inferior Courts;

## THIRTY-FIRST COUNT - MUNICIPAL LIABILITY ON BEHALF OF EDWARD JOEDD VASQUEZ

194. This plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 193 as though fully set forth herein at length;

195. The defendants caused this plaintiff to be arrested in the absence of any evidence of criminal wrongdoing. Notwithstanding their knowledge that said arrest and

incarceration would jeopardize the plaintiffs liberty, well being, safety and constitutional rights;

196. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent to do so;

197. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials pursuant to the customs, policies, practices, usages, procedures, and rules of the defendant "CITY" and "POLICE", all under the supervision of ranking officers of said department;

198. The aforementioned customs, policies, usages, practices, procedures and rules of the defendant "CITY" and "POLICE" include, but are not limited to the following unconstitutional practices:

   a) fabricating evidence against innocent persons erroneously arrested during arresting procedures;

   b) arresting innocent persons wrongfully apprehended;

   c) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

199. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as evidenced by the following civil rights actions brought against the City of New York:

- **Frank Douglas v City of New York** - United States District Court, Southern District of New York. 03 CV 10313